## J. S. SNAPE *v.* C. WRIGHT.

[Abstract Kentucky Law Reporter, Vol. 7—294.]

**Trust Agreement.**
　　If one purchases land at a decretal sale under an agreement with the owner that he may redeem it, a trust is created which the latter can enforce although the purchaser may have obtained the absolute title, and such an agreement is not within the statute of frauds.

APPEAL FROM OWEN CIRCUIT COURT.

October 6, 1885.

OPINION BY JUDGE HOLT:

It is well settled that, if one purchase land at a decretal sale under an agreement with the owner that he may redeem it, a trust is created which the latter can enforce although the purchaser may have obtained the absolute title. Such a contract is not within the statute of frauds. It was designed to prevent frauds, and not to sanction them. If one were allowed under the guise of friendship and professed interest in the welfare of another to obtain his property and then in violation of a promise hold it as his own, fraud upon the rights of the trusting party would be committed and the injured one be without remedy.

It is needless to review all of the testimony in this case. The appellant testifies that his purchase was an absolute one, and that he never made any agreement with the appellee for the redemption of the land. Upon the contrary the latter says that there was such a contract. Each is to some extent supported by other testimony.

It is significant, however, that the appellant says in his reply that, "after he purchased said land he did tell the defendant that if he would get up the money in a reasonable time and pay to the plaintiff a sum equal to the amount which plaintiff had paid for said land with interest thereon from the time it was paid, and would also pay to the plaintiff what other moneys the plaintiff had paid out on account of said land and for his trouble and time expended about the matter, then the plaintiff would sell him said land." This is an admission by the party now seeking to recover the land that the retention of it by the appellee was at least under consideration.

The conflict of testimony leads one to look for some controlling facts as a guide to the truth; and they are plainly visible in this instance.

The appellant gave but $232.50 for the 103 acres of land, and of this the appellee's son paid $50. So that in point of fact the former was out but $182.50 for over one hundred acres of land, then worth at least $1,300. It appears that in 1860, or about two years after the appellant's purchase, the appellee, who was then still in possession of the entire tract, surrendered forty-two acres of it to the appellant, who sold it for about $500, and has never accounted to the appellee for a dollar of it. This certainly made him

whole; and there is no danger of inflicting a loss upon him. The appellee has remained in possession of the remaining sixty-two acres of the land, living upon it with his family ever since the appellant bought it in 1858, or near a quarter of a century before this suit was brought. During all this time there has never been any claim for rent by the appellant or any contract between the parties as to any, or the possession of the land. This is unaccountable save upon the appellee's statement of the transaction. The appellant furnishes no satisfactory explanation of it, and seems in the light of all the circumstances to have waked up after more than a Rip Van Winkle sleep with a bad recollection.

We think there was no abuse of its discretion by the lower court in permitting the amended answer, relying upon the long continued possession, to be filed, or in rejecting the amended reply that was offered. The latter does not seem to have been verified; but waiving this objection and admitting that its allegations are supported by the record tendered with it, yet it is manifest that in the suit of Scroggin against the parties to this suit both of the defendants were endeavoring to prevent the plaintiff therein from making his debt. The appellant attempted to rely upon the statements of the answer of the appellee in that suit as an estoppel to his present claim to the land. The appellant, however, as well as the appellee, in that suit stated in his answers that the money advanced by the appellant to pay the purchase-money due from Wright for the land was the "last payment" of the appellant.

It is manifest that the appellant never made but one payment; and that it was the balance of the purchase-money or the greater portion of it which Wright owed for the land; and looking at the record of the Scroggin suit in an equitable light the parties to this suit do not present themselves in such an attitude as to allow either to take adavantage of the action of the other in that case. The appellee is in possession of the land; and the appellant is not equitably entitled to it.

Judgment *affirmed*.

*Warren Montfort, J. A. Duncan, for appellant.*

*John C. Strother, for appellee.*